## County Treasurer's Appeal.

*Interest—Fund paid into court—Practice, C. P.—Act of May 25, 1878.*

1. A fund paid into court does not bear interest.

2. If a party desires that such fund shall bear interest, he should apply to the court to order the fund to be invested *pendente lite*, in accordance with the Act of May 25, 1878, P. L. 156.

Case stated. C. P. Erie Co., Feb. T., 1925, No. 397.

*Mook & Randall*, for appellant.

HIRT, J.—This matter is before the court on a case stated, and involves $143.92 claimed to be due the County of Erie from Allan H. MacLean, County Treasurer.

On Jan. 29, 1925, the Controller of Erie County, in his report for the year ending Jan. 5, 1925, charged the Treasurer of Erie County with $3992.68. An appeal was taken from the report by the treasurer on Jan. 30, 1925, and on the same day the sum of $3992.68 was paid by him to the prothonotary by order of court. It was later agreed by the controller and the county treasurer that the amount due the county out of the funds paid into court was the sum of $3128.78, and this amount was paid to the County of Erie on Nov. 6, 1925, out of the above fund. It is the controller's contention that, notwithstanding the fund was paid into court with its permission and on its order, nevertheless, the county treasurer should be charged with interest at 6 per cent. on $3128.78 during the period that this fund was in the prothonotary's hands.

With this contention we cannot agree. In the order of court allowing the appeal the fund was ordered paid into court and the county controller had notice of that fact on Jan. 30, 1925. If the county desired to insist that the fund to which it was *prima facie* entitled should bear interest, the proper procedure would have been an application to order the fund invested *pendente lite* in accordance with the Act of May 25, 1878, P. L. 156; or if the propriety of paying the fund into court on taking an appeal was to be questioned, some objection should have been filed then. We are of the opinion that the case is ruled by the principle that a fund paid into court does not bear interest: Oliphant v. Frost, 9 Pa. 308; 33 Corpus Juris, 245; and the rule is the same whether or not the money is paid into court as a tender or to abide the result of the litigation.

And now, Jan. 25, 1926, judgment is directed to be entered in favor of Allan MacLean, County Treasurer.